# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 16 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EDMOND DEMIRAJ<br>Alien Registration No. 74 700 122, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VERSUS | ) | CIV NO.    **B-03-114** |
| | ) | |
| PHILLIP TUTAK, Interim Director<br>Bureau of Immigration and<br>Customs Enforcement ("BICE")<br>Service, Harlingen District; | ) | |
| | ) | |
| ROBERT A WALLIS, Regional Director,<br>BICE; | ) | |
| | ) | |
| MICHAEL GARCIA, Asst. Secretary,<br>BICE; | ) | |
| | ) | |
| ACA HUTCHINSON, Undersecretary<br>Border and Transportation Security<br>And: | ) | |
| | ) | |
| TOM RIDGE, Secretary<br>Department of Homeland Security | ) | |
| | ) | |
| Respondents, | ) | |

## PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C § 2241

Petitioner, Edmond Demiraj, by and through undersigned counsel, hereby submits this

petition to this Court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin

his continued unlawful detention by the Respondents. In support of this petition and complaint

for injunctive relief, Petitioner alleges as follows:

1

## CUSTODY

1.      Petitioner is in the physical custody of the Bureau of Immigration and Customs Enforcement ("BICE"). He is detained at the Port Isabel Service Processing Center at Rt. 3 Box 341 Buena Vista Rd., Los Fresnos, Texas. This facility is controlled by the BICE office in Harlingen, Texas. Petitioner is under the direct control of the Respondents and their agents.

## JURISDICTION

2.      This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. This Court has jurisdiction under 28 U.S.C. § 2241, art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

3.      Venue lies in the United States District Court for the Southern District of Texas, the judicial district in which the Harlingen BICE Office is located. 28 U.S.C. § 1391(e).

## PARTIES

4.      Petitioner Edmond Demiraj ("Petitioner Demiraj") is a thirty-three year old male who was born in Lushnje, Albania and is a citizen of Albania. On or about April 21, 2003, Petitioner Demiraj was arrested near Brownsville, Texas by BICE when he attempted to enter the United States unlawfully. *See Exhibit A.* The arresting officer set-up Petitioner Demiraj for a Re-

instatement of a Prior Deportation Order and referred him to the Prosecutions Section of BICE. *See id. at 3.* Subsequently, he was charged with attempting to enter the United States unlawfully at a place other than designated by Immigration Officers in violation of Title 8 United States Code 1325 (a)(1) and remanded into the custody of the U.S. Marshal's Service. *See Exhibit B.* On April 30, 2003, Petitioner Demiraj was issued an appearance bond and returned to the custody of BICE because he had a detainer placed on him by BICE. *See Exhibit C.* Petitioner pled guilty to this charge and was sentenced to time serve. Petitioner remained in the custody of BICE and continued to be housed at the Port Isabel Processing Center. BICE intends to remove Petitioner to Albania pursuant to the Reinstatement of the Prior Removal Order. *Exhibit A at 3.* From April 30, 2003 to the present, Petitioner Demiraj has remained in BICE custody.

5.      Respondent Phillip Tutak is the Interim Director for the BICE in Harlingen, Texas. He is Petitioner Demiraj's immediate custodian and is located within the judicial district of the United States District Court for the Southern District of Texas, Brownsville Division.

6.      Respondent Robert A. Wallis, Regional Director of BICE for Texas. He supervises the immediate custodian of Petitioner Demiraj. In his official capacity, Mr. Venturella is a legal custodian of Petitioner Demiraj.

7.      Respondent Michael Garcia, Assistant Secretary of BICE. He is responsible for the administration of the BICE. As such, he is also a custodian of Petitioner Demiraj.

8.      Respondent Aca Hutchison is the Undersecretary of Border and Transportation Security. In his official capacity he is responsible for the administration of BICE and the implementation and enforcement of its duties. Thus, he is also a custodian of Petitioner Demiraj.

9.      Respondent Tom Ridge is the Secretary of the Department of Homeland Security of the United States and is responsible for the administration of the BICE and the

3

implementation and enforcement of the INA. As such, he has ultimate custodial authority over Petitioner Demiraj.

## EXHAUSTION OF REMEDIES

10.    Petitioner Demiraj has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action.

11.    Petitioner is not seeking review of the grounds of the original removal order. Specifically, he alleges that his removal to Albania would be in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution. Thus, Petitioner has no administrative remedies available to review his constitutional claim and must seek judicial review of this issue.

## STATEMENT OF FACTS

12.    Petitioner Demiraj is a thirty-three year old male who was born in Lushneje, Albania. *See Exhibit A.* He is a citizen of Albania. *See id.* He is married and has two children; the youngest of which is a U.S. Citizen. His wife and children currently reside in Houston, Texas.

13.    Petitioner Demiraj first entered the United States on April 11, 1996. *See Exhibit A at 2.* He applied for asylum in the United States. Subsequently, his application for asylum was denied by an immigration judge in Houston, Texas on February 24, 1998. *See Exhibit D.* Petitioner filed an untimely appeal which was summarily denied on August 17, 2001. He than filed a Motion To Reopen which was denied on November 8, 2001. While his Motion To Reopen was pending Petitioner Demiraj was arrested and charged with Conspiracy to harbor illegal aliens and conspiracy to conduct financial transactions affecting interstate commerce in Laredo, Texas. Subsequently, this charge was dismissed.

4

14.     Initially, Petitioner was indicted in a case in which his former boss, Asqueri Bedini ("Bedini"), Bedini's wife and Bedini's son were also arrested. Bedini was the primary target of the investigation and was held initially without bond. Petitioner's boss was held without bond.

15.     After some investigation it was determined that Petitioner Demiraj may have information that would be helpful to the prosecution of Bedini and his co-defendant. Petitioner was asked and agreed to be a material witness in this case. In exchange he was told that he and his family would get "green cards." He was told that he would be rewarded for assisting the government by being given legal permanent residency for himself, his wife and his oldest child.

16.     On or about May 8, 2002, Petitioner Demiraj was released on an Appearance Bond of Witness and remained under supervised released of the U.S. Pretrial Services Office in Houston, Texas and the former Immigration and Naturalization Service ("INS") in San Antonio, Texas. *Exhibit E.* Petitioner Demiraj was not contacted by anyone with the U.S. Attorney's Office or any other law enforcement agency while he was on supervised release.

17.     Bedini agreed to plead guilty. He was granted a bond and released. Subsequently, he fled.

18.     On August 5, 2002 Petitioner was detained by INS when he went to report at Pretrial Services in Houston, Texas. He was told that his testimony was no longer needed.

19.     Petitioner was shocked to find himself in the custody of INS. Petitioner Demiraj believed that illegal and unethical actions had been performed by agents of the United States during the course of his first detention with INS and his subsequent detention by INS. Thus, Petitioner through undersigned counsel contacted the Office of Inspector General to file a complaint and receive assistance. Through undersigned counsel's communications with the OIG

5

of the DOJ, Petitioner Demiraj informed them of the following: He reported that he was afraid for his life and the lives of his family and children. He reported that his parents in Albania and his wife in Houston were receiving threatening telephone calls from Bedini. Bedini repeatedly asked them when Petitioner Demiraj would be returned to Albania. Additionally Petitioner Demiraj reported that after the criminal case was dismissed he was placed in immigration custody in Laredo. During the course of this detention he was visited by agents of the United States on three occasions. At the first meeting, two men identifying themselves as federal law enforcement agents came and asked him about Bedini and several other defendants named in this indictment. The meeting lasted for approximately thirty minutes. Within a week approximately five individuals visited Petitioner Demiraj identifying themselves as federal agents. One stated she was a federal prosecutor. At this meeting, the prosecutor asked most of the questions. The prosecutor told the INS agents that she was very interested in him as a witness. At this meeting, the prosecutor asked him if he knew the undercover officer "Ray Gonzales" ("UC"). He said he did not. The AUSA pointed out the UC to Petitioner Demiraj. The AUSA asked him if Bedini had said anything about the UC to him. Petitioner Demiraj said "No." At the time, Petitioner Demiraj was frightened because he had concerns that this agent, "Ray Gonzales" was cooperating with Bedini outside of the knowledge of federal officials.

Within a few days a third meeting occurred. At this meeting only the man identified by the AUSA as "Ray Gonzales" was present. He questioned Petitioner Demiraj again and wanted to know what Bedini had told him about the UC. Petitioner Demiraj admitted to "Ray" that Bedini had said some things about him. At this meeting Petitioner Demiraj was told by the official to remove his clothes and stand in the corner of the room. He remained there for hours. Petitioner Demiraj believes that he was treated in this fashion to warn him against testifying or

6

debriefing further. After this meeting he had notes passed to him by unidentified officers warning him not to testify against Bedini.

Subsequently, two agents woke Petitioner Demiraj up in the middle of the night and drove him around Laredo. Finally, they took him to the magistrate's court and he was told that he would be out on bond as a material witness. He had no counsel present and none was contacted as far as Petitioner Demiraj knows. His Uncle who signed for him told him that he was told by federal officials that Petitioner Demiraj's assistance would allow him and his family to receive green cards.

Petitioner Demiraj reported that he then returned to his home where his wife and children reside. He believed that he would be contacted by federal officials associated with the prosecution of Bedinin and his codefendants and that he would have the opportunity to discuss his fears and concerns. This opportunity never materialized. As part of his bond conditions he was to report regularly to pretrial services. On or about August 5, 2002, Petitioner Demiraj was arrested at a pretrial services meeting and placed in INS detention. He was told that the U.S. Attorney did not need him as a witness anymore.

Prior to being released on bond, Petitioner Demiraj was threatened by Bedini on a number of occasions about testifying against him. Bedini told Him, "if you talk to the government I'm going to kill you." Petitioner Demiraj was identified as a material witness. Bedini and several other defendants agreed to plead guilty. Bedini who had been denied bond on several occasions was out on bond and fled.

Petitioner Demiraj reported that he had heard through gossip amongst other Albanians that Bedini was in Albania and Europe; he continued to operate his alien smuggling ring and he planned to kill Petitioner Demiraj.

7

Petitioner Demiraj reported to OIG-DOJ that he expected to be debriefed, fully. He had extensive information regarding Bedini and his activities. Additionally, he had information regarding a group of people in Houston who were involved with the same conspiracy to smuggle aliens into the United States. Petitioner Demiraj was never debriefed and was never contacted by any federal officials associated with this case after he was released on bond.

Petitioner Demiraj informed OIG-DOJ that he was extremely frightened. He did not want to contact federal officials in Laredo because he was afraid that one of the agents was working with the smugglers. He reported being afraid of being placed in detention in Laredo or going to Laredo. Petitioner Demiraj reported that he was so afraid of misconduct by federal officials that he would rather be deported than be detained in Laredo.

20.     Petitioner Demiraj was referred to the Office of Internal Audit, Immigration and Naturalization Service, U.S. Department of Justice. He received acknowledgment of his complaint through correspondence dated December 12, 2002 from Sue Armstrong, Assistant Director, Internal Investigations Branch Office of Internal Audit, Immigration and Naturalization Service, U.S. Department of Justice received by undersigned counsel. *Exhibit F.* Petitioner was told that his complaint would be investigated and that he would be notified regarding an outcome. *See id.* Petitioner Demiraj and undersign counsel were never contacted by anyone with this Office again.

21.     On February 11, 2003 Petitioner Demiraj was deported to Albania. *See Exhibit A at 3.* He was not given a "green card' as promised; he was not debriefed further; and he received no response from the United States government regarding his complaint.

22.     Shortly after being deported to Albania, Bedini attempted to murder Petitioner Demiraj. Bedini shot Petitioner Demiraj. *See Exhibit G.* Bedini attempted to kill Petitioner

8

Demiraj because Bedini was told that Petitioner Demiraj had provided incriminating information about Bedini to agents of the United States government and had agreed to testify against him, his wife and his son, all co-defendants in the same case.

23.    After a short recovery time, Petitioner Demiraj fled Albania in fear of his life. He traveled to the United States and crossed the border on April 21, 2003 with the intent of seeking protection from the United States government which placed him in harm's way with willful indifference. Petitioner's illegal entry was detected and he was arrested and detained by BICE near Brownsville, Texas on April 21, 2003. *See Exhibit A.* Petitioner is in the custody of BICE, presently.

## EQUAL ACCESS TO JUSTICE ACT

24.    If he prevails, Petitioner will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

25.    Generally, the Due Process Clause of the Fifth Amendment of the United States Constitution does not require the government to protect individuals from the acts of private actors. *See Deshaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195 (1989). An exception to this general rule is the "state created danger" theory. *See e.g. Morin v. Moore,* 309 F.3d 316, 321 (5th Cir. 2002); *Gregory v. City of Rogers, Ark.,* 974 F.2d 1006, 1010 (8th Cir. 1992). To obtain relief under this theory, Petitioner Demiraj must show that 1) government officials created or increased the danger to him and 2) that the government officials acted with deliberate indifference. *See Morin v. Moore,* 309 F.3d 316, 322 (5th Cir. 2002); *Momennia v. Estrada,* 2003 U.S. Dist. Lexis (N.D. TX) (May 21, 2003). When the government affirmatively places an individual in a position of danger that he would not have faced, it creates a

9

corresponding duty to protect and care for that person.  *See  Morin v. Moore*, 309 F.3d 316, 322

(5th Cir. 2002); *Momennia v. Estrada*, 2003 U.S. Dist. Lexis (N.D. TX) (May 21, 2003).


## CLAIMS FOR RELIEF

### COUNT ONE
### SUBSTANTIVE DUE PROCESS VIOLATION

26.    Petitioner re-alleges and incorporates by reference paragraphs 1 through 25

above.

27.    Petitioner Demiraj's removal to Albania will violate his right to substantive due

process by depriving him of his liberty interest to be free from bodily harm.  The Due Process

Clause requires that the United States government protect Petitioner Demiraj from a danger

created by it.  The United States government created the danger against the Petitioner when he

was named a material witness in the prosecution against Bedini and his co-defendants.  Further

investigation is needed to determine the increase of the danger created once Petitioner Demiraj

was threatened by agents of the government regarding his intent to testify.  Petitioner Demiraj's

liberty was restrained in light of his obligation to testify noted by the appearance of witness

bond.  The government acted with deliberate indifference to this danger when it failed to

investigate his complaint and removed him to Albania in spite of the statements communicated

to its agents regarding Petitioner's Demiraj's fear that Bedini would kill him and that Bedini was

in Albania waiting to kill him upon his removal to Albania.


## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1)    Assume jurisdiction over this matter;

2)    Grant Petitioner a writ of habeas corpus directing Respondents to immediately release

Petitioner from custody;

3)    Order Respondents to refrain from transferring Petitioner out of the jurisdiction of the

BICE Harlingen Office during the pendency of these proceedings and while the Petitioner

remains in Respondent's custody;

4)    Award to Petitioner Demiraj reasonable costs and attorney's fees; and

5)    Grant any other and further relief which this Court deems just and proper.


Respectfully submitted this 12th day of June, 2003.


Yvette M. Mastin
MN Bar No. 0306770
S.D. Of Texas ID No. 27987
2323 South Voss Road, Suite 420
Houston, Texas 77057
Tel. No. (832) 251-3662
Fax. No. (832) 251-3664
ATTORNEY FOR
Edmond Demiraj

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2003, a true copy of the foregoing was served on each of the parties via U.S. mail - certified return receipt requested.

> Michael T. Shelby
> United States Attorney's Office for the Southern District of Texas
> 910 Travis Street, Ste. 1500
> P.O. Box 61129
> Houston, Texas 77208
>
> United States Attorney General
> U.S. Department of Justice
> 950 Pennsylvania Ave., N.W.
> Washington, D.C. 20530-001

_____
Yvette M. Mastin

## PETITIONER'S EXHIBIT LIST

A.    Copy of Record of Deportable /Inadmissible Alien, Sworn Affidavit of Petitioner
      Demiraj taken under oath; and warning as to rights.  pp. 1-9.

B.    Copy of Criminal Complaint dated April 22, 2003. pp. 1.

C.    Copy of Appearance Bond executed on April 30, 2003. pp. 1.

D.    Copy of Order of Immigration Judge dated March 26, 1998.

E.    Copy of Appearance Bond of Witness executed on May 8, 2002 and related
      documents. pp. 1-6.

F.    Copy of Correspondence addressed to counsel of Petitioner from Susan Armstrong,
      Office of Internal Audit, Immigration and Naturalization Service, U.S. Department of
      Justice. pp. 1.

G.    Copy of Photograph of Petitioner Demiraj in Albania after he was shot.

Ex. A

U.S. Department of Justice
Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS) | First | Middle | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|
| Demiraj, Edmond | | | M | BRO | BLU | LGT |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| ALBANIA | Z0411024   Albania   A074 700 122 | Case No: BRP0304000271 | 74 | 183 | PAINTER |

| U.S. Address | Scars and Marks |
|---|---|
| PORT ISABEL SERVICE PROCESSING CENTER ROUTE 3, BOX 341 LOS FRESNOS, TEXAS 78566 | See Narrative |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | ☐ Single ☒ Married ☐ Widower ☐ Divorced ☐ Separated |
|---|---|---|---|
| 04/21/2003, 0100, 8 mile(s) W of BRO, PWA MEXICO/AFOOT | BROWNSVILLE, TEXAS, | | |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| RR. XHEVDET KRPREVISHTA PALLATI 210 LUSHNJE, ALBANIA | PB 518.1 |

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| 07/26/1969   Age: 33 | 04/21/2003 | MCA/BRP | Brownsville, Texas | 04/21/2003   0130 |

| City, Province (State) and Country of Birth | AR | Form: (Type and No.) | Lifted | Not Lifted | By |
|---|---|---|---|---|---|
| LUSHNJE, ALBANIA, ALBANIA | ☒ | | ☐ | ☐ | LANDON DORMAN |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | DEMIRAJ, EDMOND | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | 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 | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | None known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) Nationality: ALBANIA | Number and Nationality of Minor Children |
|---|---|
| DEMIRAJ, Rudina 215 N. MAR ST. APT #2008 | 2, 1 ALBANIAN, 1 U.S. CITIZEN |

| Father's Name, Nationality, and Address, if Known  Nationality: ALBANIA | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| DEMIRAJ, Lewis RR. XHEVDET KRPREVISHTA PALLATI 210 | DEMIRAJ, Lewis RR. XHEVDET KRPREVISHTA PALLATI 210 LUSHNJE, ALBANIA |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | INS Systems Checks See Narrative | Charge Code Word(s) I9A1 |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary Yearly | Employed from/to |
|---|---|---|---|
| ALB PAINTING & REMODELING | Service Occupations (i.e. Domestics) | Hr | 01/01/2000   02/01/2003 |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

```
FIN #: 10279526

SCARS, MARKS AND TATTOOS
SCAR BACK/STOMACH-GUN SHOT WOUND

MOTHER'S NATIONALITY
ALBANIA

FUNDS IN POSSESSION
5002.00    US - Dollar    $3,450 Leke, $20.00 Euro    x Edmond Demiraj

INS SYSTEMS CHECKS
Central Index System Negative
Computer Linked Application Information Management System Positive
Deportable Alien Control System Positive
National Automated Immigration Lookout System Positive
National Crime Information Center Negative
Non Immigrant Information System Negative
Students and Schools System Negative
Treasury Enforcement Communications System Positive

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by SALCIDO
```

| | |
|---|---|
| Alien has been advised of communication privileges. 4/21/03 ᴾ→ (Date/Initials) | PATRICIA I. SALCIDO SENIOR PATROL AGENT (Signature and Title of INS Official) |

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| FILE MCA BRP | Officer: PATRICIA I. SALCIDO on: April 21,   2003   at 0400   (time) Disposition: REINSTATEMENT OF DEPORT ORDER I-871 Examining Officer: C. X. Mendez |

S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form    I-213

| lien's Name | File Number<br>Case No: BRP0304000271 | Date |
|---|---|---|
| Demiraj, Edmond | A074 700 122 | 04/21/2003 |

At approximately 0100 hours, the Remote Video Surveillance Agent, Edwin Rios, observed a group going over the levee from the river. Agents T. Yip and L. Dorman responded and encountered six subjects. Upon questioning the subjects, it was determined that five were of Albanian origin and one subject was a Mexican national. Agent Dorman questioned Demiraj, Edmond A# 074 700 122, as to his citizenship and he stated that he is a citizen and national of Albania. Demiraj and the other five subjects were taken into custody and transported to the Brownsville Border Patrol Station by Agent Dorman for further processing.

Upon arriving at the staton, Demiraj was advised of his rights as per form I-214 by Agent Patricia Salcido and witnessed by Agent Albert Garcia. Demiraj understands, speaks, and reads English. Subject was enrolled into the Ident/Enforce system. Subject was questioned as to citizenship, and he admitted that he is a citizen and national of Albania. He entered the United States on April 20, 2003 near Brownsville, Texas, by wading the Rio Grande River without being admitted, inspected or paroled by an Immigration Officer and at a time and place other than as designated as a Port of Entry by the Attorney General of the United States. Pursuant to INA 212 (A) (6) (a) (I) subject Demiraj is subject to removal from the United States for being present without admission.

On or about March 27, 2003, Demiraj made arrangements with an unknown male Albanian to be smuggled into the U. S. for $15,000(US). He left with another unknown Albanian from Lushnje, Albania, his hometown, on 04/06/2003 and traveled to Athens, Greece, by bus, arriving the same day. The next day they took a flight to Frankfurt, Germany, where they boarded an airplane to Brussels, Belgium. After a two-night stay in Brussels, they took a flight back to Frankfort, Germany, where they boarded a flight to Mexico City, Mexico. Upon arriving in Mexico City, he was taken to hotel where he met the other four Albanians. The following day, an unknown Mexican male guide boarded a bus with them and they traveled non-stop to Reynosa, Tamaulipas, Mexico. At approximately 1:00 p.m. the next morning, the guide's wife drove them in a red Pontiac, (license plate T69 MGN) to Matamoros, Tamaulipas, Mexico where they were dropped off at a hotel arriving at approximately 4:00 p.m. Demiraj states the guide's wife spoke English and charged them $200(US), claiming it was gas money. At approximately 10:15 p.m., they left with the guide and two other male subjects in a yellow taxi cab and were dropped off near the river. They were to pay an additional $800 upon arriving in Brownsville. Demiraj states their luggage remained in the taxi cab and the driver was instructed by the guide to take it to his house. Demiraj claims the guide was to take him to Houston, Texas, where he would board a bus to Webster, Texas where his wife and two children reside.

Record checks revealed that Demiraj was removed on 02/11/2003. Subject first entered the United States through Brownsville, Texas on 04/11/1996. He traveled to Houston, Texas where he had family. His wife and son joined him in the United States on or about October 2000, entering illegally. On or about September 22, 2001, he claims he turned himself in to INS after his boss, BEDINI, Asqueri, an Albanian, was arrested for

| Signature | Title |
|---|---|
| PATRICIA I. SALCIDO | SENIOR PATROL AGENT |

Form I-831 Continuation Page (Rev. 6/12/92)

U.S. Department of Justice
Immigration and Naturalization Service

Continuation ___ or Form   I-213

| Alien's Name | File Number<br>Case No: BRP0304000271<br>A074 700 122 | Date<br>04/21/2003 |
|---|---|---|
| Demiraj, Edmond | | |

money laundering, conspiracy and other criminal activity.  He found out through his lawyer that he was wanted on a warrant because his boss had implicated him.  He remained in INS custody approximately two weeks.  He was subsequently released as a material witness for Laredo Anti-Smuggling Unit(Juan Flores, 956-763-9362).  BEDINI was released on bond and left the country.  Subject was taken into custody on 08/05/2002 and subsequently removed on 02/11/2003.

Demiraj claims that after returning to Albania, he was taken by gun point from his apartment building by BEDINI, his former boss, and was shot in the stomach. Demiraj states he fears for his life if he is returned to his county.

Subject Demiraj was set up for a RE-INSTATEMENT OF A PRIOR ORDER OF DEPORTATION. Subject was referred to Prosecutions.  All forms needed were served on the subject to include a list of legal services.  SDEO Brinson approved Camp space on April 21, 2003, at 4:00 AM.  Subject Demiraj was explained all forms in the English Language and stated that he understood them.  The subject is being detained at the Port Isabel Service Processing Center pending his Immigration Hearing.

IDENT and the Watchlist were NEGATIVE.
The Federal Bureau of Investigation was notified of subject DEMIRAJ, Edmond, on April 21, 2003 at 2:00 AM.

| Signature<br>PATRICIA I. SALCIDO | Title<br>SENIOR PATROL AGENT |
|---|---|

_____3_____ of _____3_____ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form    I-217

| Alien's Name | File Number<br>Case No: BRP0304000271<br>A 074 700 122 | Date |
|---|---|---|
| Edmond Demiraj | | 04/21/2003 |

**24. CHILDREN INFO (continued...)**
Rediol DEMIRAJ;
Alban DEMIRAJ;

Signature

Title

_2_ of _2_ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

| CONTROL Name (Last, First, Middle) | | | | | | |
|---|---|---|---|---|---|---|
| **Demiraj, Edmond** | | | | | | |

| Birthdate | Age | Marital Status | | File Number | BRP0304000271 |
|---|---|---|---|---|---|
| **07/26/1969** | **33** | ☐ Single ☒ Married ☐ Separated ☐ Widowed ☐ Divorced | | **A074 700 122** | |

| Sex | Hair | Eyes | Complexion | Height | Weight | Scars or Marks |
|---|---|---|---|---|---|---|
| **M** | **BRO** | **BLU** | **LGT** | **74** | **183** | **See I-213** |

U.S. Address/Mail    (Number)    (Street)    (City)    (State)    (ZIP CODE)
**PORT ISABEL SERVICE PROCESSING CENTER ROUTE 3, BOX 341**
**LOS FRESNOS, TEXAS 78566**

| Alien's Telephone # | Date of Action | Location Code |
|---|---|---|
| **(956 ) 547-1700** | **04/21/2003** | **MCA/BRP** |

| City, Province (State) and Country of Birth | Country of Citizenship |
|---|---|
| **LUSHNJE,ALBANIA, ALBANIA** | **ALBANIA** |

| Date, Place, Time, and Manner of Last Entry/Attempted Entry | Status at Entry |
|---|---|
| **04/21/2003, 0100, 8 mile(s) W of BRO, FWA MEXICO/AFOOT** | **FWA Mexico** |

Foreign Address/Residence (Number, Street, City, Province (State), Country)
**RR. XHEVDET NEPREVISHTA PALLATI 210**
**LUSHNJE,   ALBANIA**

| Method of Location/Apprehension | (At/Near) | Date & Hour |
|---|---|---|
| **PB 518.3** | **Brownsville, Texas** | **04/21/2003 0130** |

Form I-215B
(Rev. 9-1-72)

## UNITED STATES DEPARTMENT OF JUSTICE
### IMMIGRATION AND NATURALIZATION SERVICE
### RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM
# AFFIDAVIT

Case No: BRP0304000271

IN RE: Edmond Demiraj                                         FILE NO. 074 700 122

EXECUTED AT BROWNSVILLE, TX                                   DATE April 21, 2003

Before the following officer of the U.S. Immigration and Naturalization Service: PATRICIA I. SALCIDO

in the English                    language.  Interpreter PATRICIA I. SALCIDO                    used.

I, EDMOND DEMIRAJ                                  , acknowledge that the above-named officer has identified himself to me as an officer of the United States Immigration and Naturalization Service, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. He has informed me that he desires to take my sworn statement regarding: my last entry into the United States

He has told me that my statement must be freely and voluntarily given and has advised me of these rights:

"You have the right to remain silent.

Anything you say can be used against you in court, or in any immigration or administrative proceeding.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish. If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."

I am willing to make a statement without anyone else being present. I swear that I will tell the truth, the whole truth, and nothing but the truth, so help me, God.

Being duly sworn, I make the following statement:

Q. Do you wish to have a lawyer or any other person present to advise you?
A. No.
Q. Are you willing to answer my questions at this time?
A. Yes.
Q. Do you swear that all the statements you are about to make will be the truth, the whole truth and nothing but the truth, so help you        God?
A. Yes, I do.
Q. What is your true and correct name?
A. Edmond Demiraj.
Q. Have you used any other names?
A. No, Ma'm.
Q. Of what country are you a citizen?
A. Albania.
Q. What is your date and place of birth?
A. July 26, 1969, in Albania.
Q. When did you last enter the United States?
A. Last night, April 21st.
Q. Have you ever been ordered deported, excluded, or removed from the United States?
A. Yes.
Q. How and where did you enter the United States at that time?
A. April 21, 2003, from Brownsville, illegally by swimming the river.
Q. After you were ordered deported, excluded, or removed, were you removed by the INS or did you leave the United States voluntarily?
A. By INS.
Q. Have you ever applied to the Attorney General of the United States for permission to

6

| Alien's Name | File Number | Date |
|---|---|---|
| Edmond Demiraj | Case No: BRP0304000271 074 700 122 | April 21, 2003 |

re-enter the United States after you were          deported, excluded, or removed from the United States?

A.  No, Ma'm, I didn't have time to do that.  I was afraid.

Q.  Do you have any fear of persecution or torture should you be removed from the United States?

A.  Yes.

Q.  Is there anything else you would like to say at this time?

A.  I was shot when I was returned to my country.


I have read (or have had read to me) the foregoing statement consisting of ____2____ pages. I affirm that the answers attributed to me herein are true and correct to the best of my knowledge and belief and that this statement is a full, true, and correct record of my questioning by the above-named officer of the Immigration and Naturalization Service. I have initialized each page of this statement (and the corrections noted on page(s) ____ED____ ).

Signature of alien: x _Edmond Demiraj_

Subscribed and sworn to me at: _Brownsville, Tx_  on _4/21/03_

_(signature)_
**(Signature of Immigration Officer)**

_(signature)_
**(Signature of Witness)**

Signature _(signature)_

Title _Senior Patrol Agent_

____2____ of ____2____ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

7

File No: 074 700 122

Date: 4/21/03

## LIST OF FREE LEGAL SERVICE PROVIDERS

roBAR - South Texas Pro Bono Asylum Representation
)1 East Madison
arlingen, Texas 78550
56) 425-9231
888-425-9231    If calling from the PISPC Detention Center
iil represent aliens in asylum hearings.)

:sa de Proyecto Libertad
3 North 1st Street
irlingen, Texas 78550
56) 425-9552
500-477-9552    If calling from the PISPC Detention Center.
ill represent aliens in asylum hearings.)
ey charge a nominal fee)

;uth Texas Immigration Council
5 East 13th Street
ownsville, Texas 78520
56) 542-1991
Il represent aliens in asylum hearings.)

uth Texas Immigration Council
7 North 3rd Street
rlingen, Texas 78550
56) 425-6987
I represent aliens in asylum hearings.)

ith Texas Immigration Council
1 Erie
Allen, Texas 78501
3) 682-5397
represent aliens in asylum hearings.)



RIGHT INDEX

as Rural Legal Aid, Inc.
South Closner Street
burg, Texas 78539
) 383-5673
represent only Legal Permanent Residents and United States citizens.)

i / HLG / PISPC /BRC

e recibido una copia de esta lista de servicios legales. *Elmond Demien*

8

P 2003 04 00027)

## WARNING AS TO RIGHTS

File No. 074 780 122

Before we ask you any questions, you must understand your rights.

You have the right to remain silent.

Anything you say can be used against you in court, or in any immigration or administrative proceeding.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

I have read (or have had read to me) this statement of my rights and I understand what my rights are.

X _Edmond Demiraj_
(Signature)

_Dan D Salcido_
Immigration Officer (Signature)

4/2/03  1:53 cm
(Date and Hour)

Brownsville, Ty 78520
(Place)

_(Witness' Signature)_  6157

## WAIVER

I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

_Edmond Demiraj_
(Signature)

4/2/03  1:53 cm
(Date and Hour)

Brownsville. Tx 78520.
(Place)

## CERTIFICATION

I HEREBY CERTIFY that the foregoing Warning and Waiver were read by me to the above signatory, that he also read it and has affixed his signature hereto in my presence.

Patricia I. Salcido          _Dan D Salcido_
                              Signature

_Witness' Signature_  6157    Albert Garcia

_____
Interpreter's Signature                    Language

_____
Interpreter's Signature

## INTERVIEW LOG

1. Person interviewed _____  2. Officer(s) _____

_____  3. Place (exact address and identity of room) _____

_____  4. Date _____

5. Exact Time/place of encounter or arrest _____

6. If transported from place of encounter to interrogation point, show exact time involved. _____
   Note whether interrogation continued during transporting _____

7. Officer making arrest and or transporting subject _____

8. Time interview began _____  9. Time subject or suspect advised of right to remain silent and fact any statement could be used against him in court and name of officer furnishing advice _____

_____  10. Time subject advised of right to presence of counsel, retained or appointed and name of officer furnishing advice _____

11. Time questioning concluded _____  12. Time written statement commenced _____

13. Person preparing statement _____  14. Time statement completed _____

15. Time statement reviewed by person interviewed _____  16. Time statement signed _____

17. Record of requests and complaints of subject and actions taken thereon _____

_____

_____

*(If additional space required, continue on an attachment.)*          9



# United States District Court

_____ Southern _____    District of    _____ Texas _____

UNITED STATES OF AMERICA

V.

Edmond Demiraj

## CRIMINAL COMPLAINT

DOB:    07/26/69    (EWA)
Albania
A74 700 122

CASE NUMBER B-03 _____ M

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about    **April 21, 2003**    in **Cameron**    County, in the    **Southern** District of    **Texas** defendant, being then and there an alien, did, willfully, knowingly and unlawfully enter the United States at a place other than designated by Immigration Officers in violation of law;

in violation of Title **8** United States Code, Section(s) **1325(a)(1).**

I further state that I am a    **United States Border Patrol Agent**    and  that this complaint is based on the following facts:    **Subject was apprehended near Brownsville, Texas on April 21, 2003.  Subject admitted wading the Rio Grande River near Brownsville, Texas on April 21, 2003,  thus avoiding inspection.**

Continued on the attached sheet and made part hereof: ☐ Yes  ☒ No

Adan Munoz III    Border Patrol Agent
*Signature of Complainant*

_____ April 22, 2003 _____    at    Brownsville, Texas _____
*Date*                                              *City and State*

John Wm. Black    U.S. Magistrate Judge
*Name and Title of Judicial Officer*          *Signature of Judicial Officer*



# UNITED STATES DISTRICT COURT

_____SOUTHERN_____  District of  _____TEXAS_____

UNITED STATES OF AMERICA

V.

## APPEARANCE BOND

_____EDMOND DEMIRAJ_____
Defendant

Case Number:  B-03-1195M

Non-surety:  I, the undersigned defendant acknowledge that I ~~and my~~ am
~~the undersigned jointly and severally acknowledge our individual~~
~~personal representatives jointly and severally and~~ bound to pay to the United States of America the sum of

$ _5,000.00_____ , and there has been deposited in the Registry of the Court the sum of

$ _5,000.00_____ in cash or _____ (describe other security.)

The conditions of this bond are that the defendant _____EDMOND DEMIRAJ_____
(Name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred.  The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith.  Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on _____April 30, 2003_____ at _____BROWNSVILLE, TEXAS_____
                                          Date                                            Place

Defendant  _Edmond Demiraj_  Address  _535 W. NASA ROAD 1, APT. #2008_
                                                              WEBSTER, TX 77598    (281)338-2877

Surety  _____  Address  _____

Surety  _____  Address  _____

Signed and acknowledged before me on _____APRIL 30, 2003_____
                                                                    Date

_Linda Garcia_
~~Deputy~~ Officer/Clerk

Approved: _____
               Judicial Officer



IMMIGRATION COURT
2320 LA BRANCH ST., RM 2235
HOUSTON, TX  77004

In the Matter of

Case A74-700-122

DEMIRAJ, EDMOND
        Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Feb 24, 1998.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ]  The respondent was ordered removed from the United States to
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to
[√]  Respondent's application for voluntary departure was granted until    4/24/98
        upon posting a bond in the amount of $ _500.00_
        with an alternate order of removal to _ALBANIA_
[√]  Respondent's application for asylum was ( )granted  (√)denied
        ( )withdrawn.
[√]  Respondent's application for withholding of removal was ( )granted
        (√)denied  ( )withdrawn.
[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted  ( )denied  ( )withdrawn.
[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
     ( ) denied  ( ) withdrawn.  If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted  ( )denied  ( )withdrawn or ( )other. _____
[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted  ( )denied  ( )withdrawn.  If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[√]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _____.
Date: Feb 24, 1998
Appeal: WAIVED    Appeal Due By:

        3/26/98

                                        JOSEPH VAIL
                                        Immigration Judge

DP

Ex. E.

AO 99 (Rev. 8/85) Appearance Bond of Witness

U.S. MAGISTRATE COURT
NON - SDTX
FILED    JT

MAY 0 9 2002

SOUTHERN

Michael N. Milby, Clerk
Laredo Division

# UNITED STATES DISTRICT COURT

_____ District of _____ **TEXAS** _____

UNITED STATES OF AMERICA

v.

**EDMOND DEMIRAJ**
Witness

## APPEARANCE BOND OF WITNESS

CASE NUMBER:    L-02-1606M
L-01-CR-973

Surety: ✔ We, the undersigned, jointly and severally acknowledge that we and our . . . personal representatives are bound to pay to the United States of America the sum of $ **5,000.00** dollars ($ **FIVE THOUSAND** ). (Unsecured by Collateral)

The condition of this bond is _____ **EDMOND DEMIRAJ** _____ is to appear to testify in
Name of Witness

the above entitled case before the U.S. District Court for _____ **SOUTHERN** _____
District of _____ **TEXAS** _____ at _____ **LAREDO, TEXAS** _____ , and at such other places as the witness may be required to appear, in accordance with any and all orders and directions relating to the witness' appearance in the above entitled matter as may be given or issued by this court or any other United States district court for which the witness may be required to appear or the cause transferred and is not at any time while so appearing to be absent or depart from the court without leave and if the witness appears and attends as ordered, then this bond is to be void. If the witness fails to perform this condition, payment of the amount of the bond shall be due forthwith. If the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered, upon motion in the United States district court having jurisdiction over the case, against each debtor jointly and severally for the amount above stated together with interest and costs, and execution may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

This bond is signed _____ **May 8, 2002** _____ at _____ **LAREDO, TX** _____ .
Date                                              Place

Witness. *Edmond Demiraj* 15/9/02    Address. **Bannum Place of Laredo/AAMA, Laredo, Tx.** (281)338-2877
EDMOND DEMIRAJ    Date    535 W. Nasa Rd., Apt. 1099, Webster, Tx 77598

Surety. *E. Shehu* 15-9-2    Address. 431 7th Street, San Leon, Tx 77539
EMIN SHEHU    Date    (281)339-3221

Surety. _____    Address. _____

Signed and acknowledged before me _____ **May 8, 2002** _____
Date

Michael N. Milby, Clerk

By: _____ / _____    *Linda Davila*
Clerk    Date    Clerk Linda Davila
Approved: *Marcel Notzon*
U. S. MAGISTRATE JUDGE, MARCEL C. NOTZON

AO 99 (Rev. 8/85) Appearance Bond of Witness (Reverse)

AO 199A    (Rev. 6/97) Order Setting Conditions of Release                                  Page 1 of ___3___ Pages

U.S. MAGISTRATE COURT
MCN – SDTX
FILED

MAY 0 9 2002

Michael N. Milby, Clerk
Laredo Division

# UNITED STATES DISTRICT COURT

SOUTHERN                    **District of**                    TEXAS

United States of America

V.

**ORDER SETTING CONDITIONS
OF RELEASE**

EDMOND DEMIRAJ                    Case Number:    L-02-1606M
Witness                                              L-01-CR-973

IT IS ORDERED that the release of the witness is subject to the following conditions:

(1)      The witness shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)      The witness shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3)      The witness shall appear at all proceedings as required.

The witness shall appear at (if blank, to be notified)                    U.S. DISTRICT COURT
904 Juarez or                                                                    Place

1300 Matamoros St., Laredo, Tx    on                    WHEN NOTIFIED
Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the witness be released provided that:

( ✔ ) (4)   The witness promises to appear at all proceedings as required.

( ✔ ) (5)   The witness executes an unsecured bond binding the witness to pay the United States the sum of
FIVE THOUSAND ———————————————————————————— dollars ($  5,000.00       )
in the event of a failure to appear as required .

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

2

AO 199B   (Rev. 5/99) Additional Conditions of Release                                                Page ___2___ of ___3___

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

**IT IS FURTHER ORDERED** that the release of the witness is subject to the conditions marked below:

( ✔ ) (6)  The witness is placed in the custody of:

(Name of person or organization)  **EMIN SHEHU**

(Address)  **431 7th Street**

(City and state  **San Leon, Texas    77539**                                    (281) 339-3221

who agrees (a) to supervise the witness in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the witness at all scheduled court proceedings, and (c) to notify the court immediately in the event the witness violates any conditions of release or disappears.

*ED*

Signed:  *E Shehu*                                          5-9-2
                        Custodian or Proxy                              Date

( ✔ ) (7)  The witness shall:

( ✔ )(a)  report to the *Pretrial Office for supervision.*   5/9/02
        telephone number *956-790-1733* , not later than _____

( ✔ )(b)  execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
        $5,000.00 (UNSECURED BY COLLATERAL)

( )(c)  post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

( )(d)  execute a bail bond with solvent sureties in the amount of $ _____ .

( ✔ )(e)  maintain or actively seek employment.

( )(f)  maintain or commence an education program.

( )(g)  surrender any passport to: _____

( )(h)  obtain no passport.

( ✔ )(i)  abide by the following restrictions on personal association, place of abode, or travel:
        RESTRICTED TRAVEL TO BE ARRANGED BY PRETRIAL SERVICES. NO TRAVEL TO MEXICO.

( X )(j)  avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____

( )(k)  undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

( )(l)  return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____

( )(m)  maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( ✔ )(n)  refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ✔ )(o)  refrain from ( ) any ( ✔ ) excessive use of alcohol.

( ✔ )(p)  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( )(q)  submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( )(r)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services or supervising officer.

( )(s)  refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( )(t)  participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or
        ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
        ( )  (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____ , or ( ) as directed by the pretrial services office or supervising officer; or
        ( )  (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
        ( )  (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

( )(u)  report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( ✔ )(v)  IMMEDIATE PLACEMENT AT THE BANNUM PLACE OF LAREDO RESIDENTIAL FACILITY, UPON HIS RELEASE.

( ✔ )(w)  ONCE DOCUMENTS ARE SECURED WITH IMMIGRATION AND NATURALIZATION SERVICES, THE MATERIAL WITNESS IS TO
        RESIDE WITH ~~Roberto Vasquez~~ AND TO OBTAIN EMPLOYMENT UNTIL THE CASE OF Bill Bedini IS DISPOSED OF.

( )(x)  *his family* _____

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL



AO 199C   (Rev.6/97) Advice of Penalties ...                              Page ___3___ of ___3___ Pages

# Advice of Penalties and Sanctions

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

If after release, you knowingly fail to appear as required by the conditions of release, you may be prosecuted for failing to appear and may be fined not more than $100,000 and imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

# Acknowledgment of Witness

I acknowledge that I am the witness in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_5/9/0._

_Edmond Demiraj_
Signature of Witness, EDMOND DEMIRAJ

Bannum Place of Laredo/AAMA
Address

Tx 78041
City and State                              Telephone

Upon Release: 535 W. Nasa Rd., Apt. 1099, Wesbster, Tx 77598
(281)338-2877

## Directions to United States Marshal

( ) The witness is ORDERED released after processing.

(✓) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____ May 8, 2002 _____

_Marcel C. Notzon_
Signature of Judicial Officer

MARCEL C. NOTZON, U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

4

| PS 7 (Rev 07/93) | **PRETRIAL RELEASE REPORTING INSTRUCTIONS** | |
|---|---|---|

| DEFENDANT Edmund Demieraj | DISTRICT COURT Texas Southern | DOCKET NO. 5:01 CR 973-99 |
|---|---|---|
| CASE SUPERVISOR David M. Medellin | TELEPHONE NUMBER (956) 727-4844   956-790-1733 ext 212 | |

**REPORT AS FOLLOWS:**

In Person:
      BY:

TO:  U. S. PRETRIAL SERVICES
      515 Rusk Avenue, Suite 6214
      Houston, TX  77208-1127
      TEL:  (713) 250-5218
      ATTN:    Duty Officer

By Telephone:
      BY: 05/13/02      AT: (   )  9:00 A.M.

Additional Instructions:

Report by telephone and ask for the Duty officer.
Tel: 713-250-5218

Home visits will be conducted throughout your period of supervision.

Notify your Pretrial Services Officer immediately of any change in address, telephone, or employment.

5 days notice must be given for approval of travel outside the restricted area.

You shall not commit a federal, state, or local crime during the period of release.  You shall inform the Pretrial Services Officer immediately if you are charged with an offense.

**DEFENDANT'S STATEMENT**

I understand the above stated instructions and understand that failure to comply will be reported to the Court and may result in the revocation of my bond and my detention pending the outcome of my case.

| SIGNATURE OF DEFENDANT X | DATE |
|---|---|
| SIGNATURE OF UNITED STATES PRETRIAL SERVICES OFFICER | DATE 5-9-02 |

**Order of Supervision**

File No: A74 700 122

Date: May 02, 2002

Name: EDMOND DEMIRAJ

On ___September 17, 2001___ , you were ordered:
_(Date of final order)_

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

☒ That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

☒ That you do not travel outside _____the state of Texas_____ for more than 48 hours without first
_(Specify geographic limits, if any)_
having notified this Service office of the dates and places of such proposed travel.

☒ That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

☒ That you report in person on the _1st Tuesday_ day of _EACH MONTH_ to this Service office at:
8940 FOURWINDS DRIVE, SAN ANTONIO, TEXAS. 78239 at 10:00 AM (NON-DETAINED DUTY OFFICER)
~~unless you are granted written permission to report on another date.~~

☒ That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

☒ Other: _Report every Monday of each week to Mr. Bret Macchia with Pretrial Services at 515 Rusk St., Houston, Texas. To begin reporting in person on May 13, 2002.   (713) 250-5343_

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_(Signature of INS official)_

Kenneth L. Pasquarell   INS District Director
_(Print name and title of INS official)_

---

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_(Signature of INS official serving order)_     _(Signature of INS alien)_     5-7-02
_(Date)_

Form I-220B (Rev. 4/1/97)N





**U.S. Department of Justice**
Immigration and Naturalization Service
Office of Internal Audit

*425 I Street NW*
*Washington, DC 20536*

**DEC 1 2 2002**

Yvette M. Mastin
Kuniansky & Rozan
5051 Westheimer, #700
Houston, TX 77056

Dear Ms. Mastin:

Your complaint has been received on behalf of Edmond Demiraj by the Office of Internal Audit, Immigration and Naturalization Service, and has been assigned case number 03X01043. We have initiated action to resolve the allegation(s). You will be notified of the outcome upon completion of our work.

Thank you for bringing this matter to our attention.

Sincerely,

Sue Armstrong
Assistant Director
Internal Investigations Branch

Ex G.