IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 0 2006

Michael N. Milby
Clerk of Court

| | |
|---|---|
| EDMOND DEMIRAJ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PHILIP TUTAK, Interim Director )<br>  of BICE, et al. )<br>)<br>Respondent. )<br>) | CIVIL ACTION NO.<br>B-03-114 |

**RESPONDENTS' OPPOSED MOTION TO DISMISS
THE PETITION FOR WRIT OF HABEAS CORPUS
WITH INCORPORATED POINTS AND AUTHORITIES**

COME NOW the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and file this Opposed Motion to Dismiss the Petition for Writ of Habeas Corpus with Incorporated Points and Authorities in this case. The petition for writ of habeas corpus should be dismissed.

**STATEMENT OF THE FACTS**

The Petitioner, Edmond Demiraj ("Demiraj") is an Albanian citizen who was apprehended when he attempted to enter the United States on or about April 21, 2003. After his apprehension, the Department of Homeland Security ("Government") began preparing paperwork to reinstate Demiraj's prior removal order. Demiraj had

previously been in the United States and applied for asylum. That application was denied and he was eventually removed from the United States.

Demiraj claims that when he returned to Albania, he was persecuted, threatened and injured by in a murder plot against him. He fled to the United States and was apprehended by the Government on April 21, 2003. He was detained at the Government's detention facility in Los Fresnos, Texas.

Demiraj filed a petition for writ of habeas corpus and emergency application for stay of execution of order of removal with this Court. Demiraj claims his due process rights would be violated if the previous order of removal was reinstated without allowing him to apply for relief. After a hearing on June 18, 2003, it was determined the case should be held in abeyance until Demiraj exhausted his administrative claims.

Subsequent to that decision, Demiraj was found to have a credible fear of returning to Albania and his case was forwarded to an immigration judge for a determination of his eligibility for withholding of removal pursuant to §241 of the Immigration and Nationality Act ("Act"), withholding of removal pursuant to the Convention Against Torture, and deferred removal under the Convention Against Torture.

Upon the completion of testimony, the immigration judge granted Demiraj's application for withholding of removal under §241(b)(3) of the Act. The other applications were denied. Government Exhibit "A". Demiraj waived his right to appeal. Subsequently, Demiraj was released from custody and is now living in Webster, Texas. Government Exhibit "B".

## ARGUMENT

### I. THIS PETITION SHOULD BE DISMISSED BECAUSE PETITIONER RESIDES OUTSIDE THE JURISDICTION OF THIS COURT.

The Demiraj is not detained by the Department of Homeland Security. Government Exhibit "B". He is free and living in Webster, Texas, in close proximity to Houston, Texas.

Since Demiraj is not detained by the Department of Homeland Security and is now residing in the Houston area, jurisdiction with this Court is improper. Therefore, the case should be dismissed.

### II. THE PETITIONER NO LONGER HAS A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE DEPARTMENT OF HOMELAND SECURITY HAS AFFORDED DEMIRAJ THE RIGHTS DUE HIM UNDER THE LAW.

Demiraj claimed in his petition for writ of habeas corpus and emergency stay that if the Government reinstated his

3

previous removal order, he would be sent back to Albania where his life would be in jeopardy. He also claimed that the removal would be a violation of this due process rights.

Once Demiraj claimed a fear of returning to Albania, the reinstatement was abated and he was interviewed by someone from the Asylum Office in Houston, Texas. After determining he had a credible fear of returning to Albania, his case was sent to an immigration judge to assertain whether Demiraj was eligible for any relief from removal based on that credible fear. At a hearing on November 19, 2003, Immigration Judge David Ayala found Demiraj eligible for relief pursuant to §241(b)(3) of the Act. Government Exhibit "A". Demiraj waived appeal. *Id.*

Since Demiraj's claims have been addressed by the administrative process, the petition should be dismissed.

### III. IF THE PETITIONER WISHES TO CHALLENGE THE REMOVAL ORDER, HE MUST FILE A PETITION FOR REVIEW WITH THE FIFTH CIRCUIT COURT OF APPEALS.

On May 11, 2005, the REAL ID Act of 2005 became law. The REAL ID Act is found within Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231. Specifically, §106 of Title I ("Amendments to Federal Laws

to Protect Against Terrorist Entry") is entitled "Judicial Review of Orders of Removal." The effective date is May 11, 2005. Section 106 requires all challenges to an administrative order of removal, deportation, or exclusion be filed with the appropriate court of appeals.

Further §106(c) provides that any case pending in district court in which an alien challenges a final administrative order of removal, deportation, or exclusion shall be transferred by the district court to the appropriate court of appeals. Although this case was pending when the REAL ID Act became law, the petition does not challenge either the previous removal order or the order granting Demiraj withholding of removal. The Government believes this is not a case that should be transferred to the Fifth Circuit Court of Appeals because there is no challenge to a removal order. Therefore, this case should be dismissed.

## CONCLUSION

Based on the foregoing, the Petition for Writ of Habeas Corpus should be dismissed.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

_____
LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
Federal Bar No. 23937

May 25, 2006

6

CERTIFICATE OF SERVICE

I hereby certify that a true copy of Respondent' Opposed Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus with Incorporated Points and Authorities was mailed via first class mail, properly addressed and postage prepaid to:

> Yvette M. Mastin, Esquire
> 2323 S. Voss Rd., Ste 420
> Houston, TX  77057

on this 25th day of May, 2006.

_____
LISA M. PUTNAM
Special Assistant United States Attorney