OPINION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDMOND DEMIRAJ, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. B-03-114 | |
| § | | |
| PHILLIP TUTAK, INTERIM DIRECTOR § | | |
| BUREAU OF IMMIGRATION AND § | | |
| CUSTOMS ENFORCEMENT ("BICE") § | | |
| HARLINGEN DISTRICT, ET AL. § | | |
| Respondent. § | | |

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Before the Court is Petitioner Edmond Demiraj's Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1). The Government filed an Opposed Motion to Dismiss the Petition for Writ of Habeas Corpus that also will be considered (Doc. No. 7). For the following reasons, Petitioner's habeas corpus motion should be DISMISSED and the Government's motion to dismiss should be GRANTED.

## PROCEDURAL BACKGROUND

At the time of Petitioner Demiraj's Writ of Habeas Corpus claim, he also filed an Emergency Application For Stay of Execution of Order of Removal on June 16, 2003 (Doc. No. 2). The Court held a hearing regarding the Application on May 18, 2006 (Doc. No. 4), and recommended that the case be held in abeyance until Petitioner Demiraj exhausted all administrative remedies (Doc. No. 5). The Honorable Judge Hilda Tagle adopted the Court's recommendation on July 8, 2003 (Doc. No. 6). Subsequently, the immigration judge granted Petitioner Demiraj's request for withholding of removal (Doc. No. 7, Exhibit 'A').

## DISCUSSION

Petitioner Demiraj filed the Writ of Habeas Corpus while detained by the Government. Since the immigration judge's decision granting his request for withholding of removal, Petitioner Demiraj was released from detention. Accordingly, he no longer has a present interest for which this Court could grant relief and thus the claim for relief is moot. *See Weinstein v. Bradford,* 423 U.S. 147 (1975). Likewise, because Petitioner Demiraj is not detained by the Department of Homeland Security, he no longer meets the custody requirement for a Habeas Corpus motion. 28 U.S.C. § 2241(c)(3). Lastly, should Petitioner Demiraj's seek to challenge the immigration judge's decision, the 5th Circuit of Appeals is the appropriate Court to seek review. 8 U.S.C. § 1252(b)(2).

Furthermore, despite being represented by counsel, Petitioner Demiraj has failed to take any action before this Court since the order to hold the case in abeyance. Under the inherent powers necessarily vested in a court to manage its own affairs, dismissal for want of prosecution is also appropriate. FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (noting that a district court may sua sponte dismiss an action for failure to prosecute or for failure to comply with a court order).

## RECOMMENDATION

For the aforementioned reasons, this Court recommends that this cause of action be DISMISSED. The Government's Opposed Motion to Dismiss the Petition for Writ of Habeas Corpus should be GRANTED.

**NOTICE TO PARTIES**

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day of September 2006.

　　　　　　　　　　　　　　　　　　　　Felix Recio
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge