United States District Court
Southern District of Texas
FILED

OCT - 3 2006

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDMOND DEMIRAJ, | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. B-03-114 |
| | § | |
| v. | | |
| | § | |
| PHILLIP TUTAK, INTERIM DIRECTOR | § | |
| BUREA OF IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT ("BICE") | § | |
| HARLINGEN DISTRICT, ET AL. | § | |
| Respondent. | § | |

## PETITIONER'S RESPONSE TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

For the following reasons, Petitioner's writ for habeas corpus should not be dismissed and the Government's motion to dismiss should be denied:

As the report states, Petitioner Demiraj was granted withholding of removal by the Immigration Judge. This was the only form of relief that the Immigration Judge was able to confer on the Petitioner. Withholding of removal is a form of relief that is temporary and indefinite in nature. *See* 8 U.S.C. § 1231 (b) (3) (2005). It is not a form of relief that protects the petitioner from being removed by the Department of Homeland Security in the future. *See id.* It is a form of relief that is nebulous and vague. It does not allow the Petitioner to know he is safe from harm and further removal. Most importantly it does not protect the petitioner or his family from being removed in the future and harmed. *See id* Furthermore, it does not restore the Petitioner to the condition he was in before the government put his life in danger by naming him a material witness.

Of primary concern to the petitioner is the fact that he was previously removed from the United States after informing U.S. immigration officials that he would be harmed because he had been named a "material witness' in a criminal prosecution. When his testimony was no longer needed he was detained and removed despite his protests and declarations that he would be harmed by the target of that investigation who had jump bond bond and fled the United States. There is no reason to believe that immigration officials would not remove the petitioner without endangering the Petitioner and his family again.

Undersigned counsel has not taken additional action before this honorable court because the Petitioner was instructed by the court to exhaust all of his administrative remedies before returning to this court for assistance. Towards this end the Petitioner and his wife, Rudina Demiraj submitted a Motion To Reopen to the Board of Immigration Appeals to allow the Immigration Judge reviewing Mrs. Demiraj's case to review her situation which is her life has been placed in danger just like the Petitioner's due to the Government's actions in this case. The Immigration Judge in Houston, Texas held a hearing on the merits of her claim. He found that Ms. Demiraj had a reasonable reason to fear harm if she returned to Albania but he denied her application for asylum because he held that she would not be subjected to harm based on one of the five grounds for asylum eligibility. He found that asylum was not the proper avenue for protection for Mrs. Demiraj. As petitioner Demiraj was a derivative beneficiary on Mr. Demiraj's application, he had not exhausted his administrative remedies. The Immigration Judge's decision in Mrs. Demiraj's case was appealed and is currently pending before the Board of Immigration Appeals in Falls, Church, Virginia. *See Exhibit A*.

Secondly, Petitioner Demiraj is in the process of applying for permanent relief from removal and legal permanent residency status by applying for an "S" visa, a type of visa granted to individuals who assist law enforcement. These efforts have not produced a response from the Department of Homeland Security at this point and may not until a final answer is received in Mrs. Demiraj's appeal before the Board of Immigration Appeals. Certainly, it may appear to the magistrate court that "Petitioner Demiraj has failed to take any action" and "that dismissal for want of persecution is also appropriate" but this is simply not a correct view of this case. Continuing to hold this case in abeyance until the administrative process has been exhausted provides protection to the Petitioner from being removed in violation of law and exposing the petitioner to further harm and endangerment of his life.

Respectfully submitted this 12th day of June, 2003.

Yvette M. Mastin
MN Bar No. 0306770
S.D. Of Texas ID No. 27987
2323 South Voss Road, Suite 420
Houston, Texas 77057
Tel. No. (832) 251-3662
Fax. No. (832) 251-3664
ATTORNEY FOR
Edmond Demiraj

CERTIFICATE OF SERVICE

I, Yvette M. Mastin, certify that on October 2, 2006, a true and correct copy of the foregoing was served on the following individuals via First Class Mail by the U.S. PS. At the following address:

Michael T. Shelby
U.S. Attorney's Office
Southern District of Texas
910 Travis Street, Suite 1500
P.O. Box 61129
Houston, Texas 77208